PER CURIAM.
Miami Jewish Home and Hospital for the Aged, Inc. [MJH] appeals from a final order of the Agency of Health Care Administration [Agency] issuing a certificate of need to Mount Sinai Medical Center of Greater Miami, Inc. We affirm.
A careful review of the record shows that the administrative law judge acted wholly within her discretion when she excluded irrelevant evidence at the administrative hearing. § 120.58(l)(a)l, Fla. Stat. (1995). Additionally, she properly denied MJH’s subsequent motion to re-open the hearing based on newly discovered evidence. Collier Med. Ctr., Inc. v. State, Dep’t of Health & Rehabilitative Servs., 462 So.2d 83, 86 (Fla.1985)(holding that hearing officer properly denied party’s motion to produce additional evidence after administrative hearing was closed).
Next, the record also demonstrates that the Agency acted wholly within its discretion when it denied MJH’s motion to remand the cause to the administrative law judge and re-open the evidence. Lawnwood Med. Ctr. v. Agency for Health Care Admin., 678 So.2d 421, 425 (Fla. 1st DCA 1996), review denied, 690 So.2d 1299 (Fla.1997); Collier Med. Ctr., 462 So.2d at 86 (“[T]o allow a party to produce additional evidence after the conclusion of an administrative hearing below would set in motion a never-ending process of confrontation and cross-examination, rebuttal and surrebuttal evidence, a result not contemplated by the Administrative Procedure Act.”); Florida Dep’t of Transp. v. J.W.C. Co., 396 So.2d 778, 786 (Fla. 1st DCA 1981).
Lastly, MJH has failed to demonstrate that the Agency’s final order was arbitrary, capricious or not in compliance with the Health Facility and Services Development Act. § 408.039(6)(b), Fla. Stat. (1995). Therefore, we affirm the order under review.
Affirmed.